Filed 07/28/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-00392

State of Vermont v. Codling Brothers Logging et al

### Opinion and Order on Two Motions to Compel (Nos. 12 and 13)

The Vermont Attorney General has brought this Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2466c, action against Defendants David Codling, Joe Codling, Paul Codling, and their general partnership, Codling Brothers Logging (collectively, the Codlings, unless context requires otherwise), claiming that they have engaged in "fraudulent business practices in logging in the State of Vermont." The allegations of the complaint focus on the alleged experiences of 5 specific landowners. The State argues that the Codlings are long overdue responding fully to its first set of discovery requests and that they have not responded at all to its second set of requests. It has filed motions to compel responses to each.

The Codlings concede, as a general matter, that responses are overdue, and they seek an additional 30 days to provide them. *See* Opposition to Motions to Compel at 9 (filed April 2, 2025) ("Defendants remain committed to supplementing their responses to the State's first discovery requests and also to responding to the State's second set of discovery requests."). They claim that their logging business is minimal, their business records are paper-only, they retain few of them, and they have experienced health issues—reasons ostensibly why discovery has been delayed. Otherwise, they argue that the Court should not order responses to certain requests that they characterize as

exceeding the scope of Rule 26. The requests subject to objection fall into two groups: (1) those relating to the identification of individuals, landowners, and other businesses that the Codlings have interacted with (and details about those interactions), and (2) detailed financial information related to Codling Brothers Logging and Defendants individually.

Group 1 (business relationships) requests consist of interrogatories 15, 16, and 18 directed to Codling Brothers Logging, the partnership, on June 12, 2024; and interrogatories 24 and 25 directed to the individual defendants, also on June 12, 2024. Group 2 (financial information) requests consist of request to produce 15 directed to Codling Brothers Logging, the partnership, on June 12, 2024; and interrogatories 18, 19, and 20 directed to the individual defendants, also on June 12, 2024.[1]

A.      Timing of Supplementation

In their April 2 filing, the Codlings sought an additional 30 days to supplement their responses (or provide initial responses). They subsequently indicated that they supplemented their responses, or provided initial responses, on May 1. To the extent that further supplementation is necessary, the Codlings now have had far longer than the 30 days they sought. To the extent supplementation was intended, it should be completed within 14 days.

---

[1] At the time of their opposition filing, the Codlings had not responded to the second set of discovery requests at all. They later represented that they supplemented previous responses to the first set of requests and provided initial responses to the second set on May 1, suggesting that the motions to compel had become largely moot as a result. The State contests that characterization of the May 1 production. The extent of the May 1 production is not before the Court. The current dispute remains framed by the two motions to compel and the Codlings' opposition. If there is a dispute about subsequent production, whether on May 1 or otherwise, the parties must confer in good faith, Vt. R. Civ. P. 26(h), before presenting the matter to the Court according to the rules. *See Wood v. Wallin*, No. 21-CV-1702, 2025 WL 1855404, at *1 (Vt. Super. Ct. May 30, 2025) (explicating the duty to confer).

B.    The Group 1 (Business Relationships) Requests

The Codlings generally dismiss the group 1 (business relationships) requests as irrelevant and overly burdensome.  These requests seek information related to work that the Codlings have done for or with others apart from the 5 landowners described in the complaint.  In the Codlings' view, and as they put it, no one else complained, so any additional business relationships have no bearing on this case.  The Court is not persuaded.

Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  These requests are plainly relevant to the State's claims.  They seek information related to the Codlings' broader business practices, which may reveal additional conduct consistent with the allegations related to the 5 landowners in the complaint, that the 5 landowners in the complaint instead are outliers, or evidence that contextualizes the business practices and thus informs the issues in the case.  In all events, this case is about the Codlings' business practices and whether they have run afoul of the CPA as the State alleges.  Moreover, the assertion that "no else complained" is gratuitous, asserted in argument only, and fundamentally irrelevant to whether a CPA violation or violations, in fact, occurred.

These requests are not outside the scope of Rule 26, and there is no cogent argument to the effect that they are disproportionate.  They are reasonably time-delimited and focused on the Codlings' logging business.  Indeed, the Codlings purport to have done little logging work over the relevant years and claim that they have few

written records in any event.  If that is so, then responding to these requests should not be onerous.

     C.     <u>The Group 2 (Financial Information) Requests</u>

The Codlings have greater traction as to the group 2 (financial information) requests.  The Court agrees that they are overbroad.  They seek virtually all information of a financial nature that could possibly exist for the individual Codling Defendants, whether related in some way to their business ventures or not.  For example, one interrogatory says: "Identify all assets and liabilities in your name."[2]  In defense of the request, the State argues that the Codlings have conducted their partnership informally, implying that segregating relevant business finances from irrelevant other personal finances will be difficult and opaque.  Ostensibly, that is why the State wants *everything*.

But requesting everything—relevant or not—exceeds the scope of Rule 26(a)(1). "Requesting everything that may exist because that will include the small set of everything that is relevant wholly undermines the letter and spirit of both the 2017 amendment to Vt. R. Civ. P. 26(b)(1) and Vt. R. Civ. P. 1, which provides that the Rules 'shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action.'"  *Wood v. Wallin*, No. 21-CV-1702, 2025 WL 1855404, at *2 (Vt. Super. Ct. May 30, 2025).

The Court will not enforce these overbroad requests.  Staging discovery requests often is done initially to reveal relevant information that can then be used to guide subsequent requests and so honor the need to keep discovery both relevant and

---

[2] A genuine and complete response to such a request would include obviously irrelevant information, such as that one of the Codlings bought a used bicycle 20 years ago for $50 and still possesses it.  There is no point to that.

proportional. Here, initial discovery more focused on partnership and logging-related finances presumably could develop the evidence that would better frame what may be relevant as to subsequent requests. The Court will not attempt to develop or prune such requests from the existing ones. The State may submit reformulated discovery requests within 21 days.

Conclusion

For the foregoing reasons, the State's motions to compel are granted, in part, and denied, in part:

(a)     The Codlings shall diligently supplement their responses to both sets of discovery requests within 14 days.

(b)     The Codlings need not respond to the group 2 (financial information) requests as currently promulgated.

(c)     The State may submit new discovery requests within 21 days.

Electronically signed on Wednesday, July 23, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge